30 F.3d 126
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Gregory T. MURRAY, Plaintiff, Appellant,
v.
PENOBSCOT COUNTY DIST. ATTY.
 No. 93-2024
 United States Court of Appeals,
First Circuit.
 July 12, 1994
 
 Appeal from the United States District Court for the District of Maine. [Hon. Morton A. Brody, U.S. District Judge ]
 Gregory T. Murray on brief pro se.
 Jeffrey M. Silverstein, Assistant District Attorney, on brief for appellee R. Christopher Almy, District Attorney County of Penobscot.
 Paul W. Chaiken, Michael A. Hodgins, and Rudman & Winchell on brief for appellee Bangor Police Department.
 D.Me.
 AFFIRMED.
 Before Torruella, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Murray appeals from the dismissal of his Sec. 1983 complaint filed against the Penobscot County District Attorney and the Bangor Police Department. We affirm substantially for the reasons stated in the magistrate judge's August 23, 1933 recommended decision, adding these comments.
 
 
 2
 1. We agree that the district attorney was immune from damages liability with respect to his decision not to prosecute appellant. Harrington v. Almy, 977 F.2d 37, 40 (1st Cir. 1992).
 
 
 3
 2. We turn to appellant's false arrest, illegal detainment, and illegal search and seizure claims against the police department. Citing to Monell v. Department of Social Services, 436 U.S. 658, 690 (1978), the magistrate's report correctly informed Murray that these claims were subject to dismissal because liability could not be imposed absent allegations that the harm was inflicted pursuant to an official policy or custom. Despite that notice, Murray made no attempt to correct the complaint's deficiency. There simply are no allegations, as there must be to sustain a Sec. 1983 suit, linking a department policy or custom with any constitutional violation. Monell, 436 U.S. at 691-94; see also Canton v. Harris, 489 U.S. 378, 385 (1989); Bordanaro v. McLeod, 871 F.2d 1151, 1157 (1st Cir.), cert. denied, 493 U.S. 820 (1989). Because the magistrate's report provided appellant with sufficient notice of his complaint's deficiencies, and because appellant failed timely to correct those inadequacies, the complaint was properly dismissed. Purvis v. Ponte, 929 F.2d 822, 826-27 (1st Cir. 1991) (Sec. 1915(d) dismissal did not violate Neitzke v. Williams, 490 U.S. 319 (1989), where magistrate's report gave plaintiff notice of his complaint's factual deficiencies and an opportunity to cure).
 
 
 4
 Affirmed.